# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### KANSAS CITY

SAVE A CONNIE, INC, d/b/a )
Airline History Museum, )
)
        Plaintiff, )
)
v. ) Case No. 4:25-cv-00680-BCW
)
SIGNATURE FLIGHT SUPPORT LLC, ) Oral Argument Requested
)
        Defendant. )

**DEFENDANT SIGNATURE FLIGHT SUPPORT LLC'S
SUGGESTIONS IN OPPOSITION TO
AERO LEGACY FOUNDATION'S MOTION TO INTERVENE**

COMES NOW Defendant Signature Flight Support LLC ("Signature"), by and through undersigned counsel, and opposes Aero Legacy Foundation's ("Aero Legacy") Motion to Intervene (Doc. #51, "Motion"). For its response to Aero Legacy's Motion, Signature states:

## I. INTRODUCTION

Aero Legacy seeks to intervene in this action solely to obtain court authorization to enter Hangar 9 at the Kansas City Downtown Airport, which hangar is operated by Signature, to remove property it alleges belongs to it. That request falls far outside the purpose and scope of Rule 24. Aero Legacy does not assert any claim or defense related to the contract, tort, or statutory issues pending between the existing parties Save A Connie, Inc. ("Save A Connie") and Signature, nor does it show that resolution of this case will impair any legally protectable interest it possesses. The Motion fails to satisfy the stringent requirements for intervention as of right under Rule 24(a) and should likewise be denied as a matter of discretion under Rule 24(b) because intervention would improperly expand this litigation into a collateral property dispute, causing delay and

prejudice to the existing parties. Finally, the dispute between the existing parties has been settled and will shortly be dismissed per the agreement of the parties.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 24 provides two routes to intervention: intervention as of right under Rule 24(a) and permissive intervention under Rule 24(b). The movant bears the burden of establishing that intervention is warranted under either provision.

### A. Intervention as of Right (Rule 24(a)(2))

A party is entitled to intervene as a matter of right under Rule 24(a)(2) if the movant demonstrates, by timely motion, three requirements: "(1) it has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties." *S. Dakota ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 785 (8th Cir. 2003) (*citing Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir. 1997)). "In deciding whether to grant a motion to intervene as a matter of right, the court liberally construes Rule 24 with 'all doubts resolved in favor of the proposed intervenor.'" *Aipperspach v. McInerney*, No. 11-01225-CV-W-DGK, 2012 U.S. Dist. LEXIS 145330, 2012 WL 4801093, at *1 (W.D. Mo. Oct. 9, 2012) (*citing Barnett*, 317 F.3d at 785)).

With respect to the requirement of "a recognized interest" in the litigation's subject matter, "there is no precise of authoritative definition of that requirement." *Nosker v. Gill Bros. Trucking*, No. 06-0286-CV-W-REL, 2006 U.S. Dist. LEXIS 43891, 2006 WL 1798089, at *2 (W.D. Mo. June 28, 2006) (*citing Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220-21 (3d Cir. 2005)). However, "some general guidelines" are that the intervenor's interest should be a legal interest, to which there is a "tangible threat"; the interest at issue belongs to or is owned by the would-be intervenor; and "a mere economic interest" is insufficient, meaning "the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give

2

the third party a right to intervene." *Id.*; *see also Certon Software v. Eaglepicher Techs*., No. 3:17-CV-05248-BCW, 2020 U.S. Dist. LEXIS 260297, at *11-12 (W.D. Mo. Mar. 31, 2020).

### B. Permissive Intervention (Rule 24(b))

Permissive intervention may be allowed only where the movant's claim or defense shares a common question of law or fact with the main action and where intervention will not cause undue delay or prejudice. Fed. R. Civ. P. 24(b); *Barnett*, 317 F.3d at 787. Even where these elements are met, the decision lies squarely within the Court's discretion. *Id.*

## III. ARGUMENT

### A. Aero Legacy Is Not Entitled to Intervention as of Right

#### 1. Aero Legacy's Motion is Not Timely

Rule 24(a) expressly requires that a motion to intervene be "timely." Whether a motion to intervene is timely is determined by considering all the circumstances of the case. *Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 998 (8th Cir. 1993) (*citing Jenkins by Agyei v. Missouri*, 855 F.2d 1295, 1316 (8th Cir. 1988), *cert. granted*, 490 U.S. 1034 (1989*), and aff'd in part on other grounds, rev'd in part on other grounds*, 495 U.S. 33 (1990)). In determining timeliness, three factors for consideration are the reason for any delay by the proposed intervenor in seeking intervention, how far the litigation has progressed before the motion to intervene is filed, and how much prejudice the delay in seeking intervention may cause to other parties if intervention is allowed. *Id*. If the Motion to intervene was not timely filed, the applicant is barred from intervening. *Id*.

Here, Aero Legacy, operated by John Roper who is also the president of Save A Connie, has been aware of the pending suit since it was filed in July 2025. Prior to Save A Connie's recent foray into bankruptcy court, Aero Legacy had not advised Signature at any time that it purportedly owned any property in Hangar 9 other than two aircraft which are registered with the Federal

Aviation Administration and specifically identified in the Space Permit between Save A Connie and Signature which was the basis for this lawsuit. Only now, nine months later and after this Court enforced a settlement agreement between Save A Connie and Signature (Doc. #40) and after Save A Connie, Inc.'s Chapter 11 bankruptcy filing was dismissed with prejudice as a bad faith filing,[1] does Aero Legacy ask to intervene. It is relevant to note that the settlement agreement was negotiated on behalf of Save A Connie by its president John Roper, who is also the organizer and operator of Aero Legacy and that Aero Legacy's counsel also represents Save A Connie in this litigation and was present for a portion of the mediation which resulted in the parties' settlement agreement.

There is no dispute left in which to intervene. The case has been settled and awaits dismissal now that the bankruptcy case has been dismissed and the automatic stay lifted. Aero Legacy's Motion is not timely and the Court should bar any intervention.

### *2. Aero Legacy Lacks a Legally Protectable Interest in the Subject of This Action*

Aero Legacy's alleged interest is ownership of certain aircraft and equipment stored at Hangar 9. As the Court recalls, however, the subject of this litigation concerned the rights and obligations of Save A Connie and Signature as related to a license to use Hangar 9, not the ownership or possession of third-party property.

The Eighth Circuit requires that a Rule 24(a) interest be direct (as opposed to tangential or collateral), substantial, and legally protectible. *United States v. Union Elec. Co.*, 64 F.3d 1152, 1161 (8th Cir. 1995). A collateral claim seeking access to Hangar 9 to remove personal property Aero Legacy purports to own does not constitute a significant, legally protectable interest in this

---

[1] A copy of the Order Granting Signature Flight Support LLC's Motion to Dismiss This Chapter 11 Case With Prejudice, Closing Case and Related Adversary Proceeding, Doc. #85, In re Save a Connie, Inc, Case No. 26-40159-btf11 (April 7, 2026) is attached hereto as Exhibit A.

action. The relief sought may relate to Hangar 9 but it has nothing to do with Save A Connie's now-settled action alleging breach of contract and other contractual claims. Allowing Aero Legacy to intervene would transform this case into a forum for resolving an ancillary access request, which Rule 24 does not permit.

### 3. Disposition of This Action Will Not Impair Aero Legacy's Ability to Protect Its Interests

Aero Legacy's Motion does not explain how adjudication of the existing claims would impair its ability to protect its alleged property rights. This deficiency alone warrants denial.

### 4. Aero Legacy's Interests Are Not Inadequately Represented

Although no existing party expressly represents Aero Legacy, Rule 24(a) requires more than mere non-representation. Because Aero Legacy seeks relief unrelated to the merits of the underlying claims—and can pursue that relief elsewhere—it cannot meet its burden on this element. Further, as noted above, Aero Legacy's principal and counsel have been involved in this lawsuit since its inception and presumably have been able to represent Aero Legacy's interests throughout.

### B. Permissive Intervention Should Be Denied

Aero Legacy also fails to satisfy Rule 24(b). It asserts no claim or defense sharing a common question of law or fact with the claims pending in this case. The mere fact that its property is located at the same physical site as that which was the subject of this litigation does not create a common question.

Even if a tenuous connection existed, permissive intervention should still be denied because it would inject collateral issues into the case; require factual development unrelated to the core dispute (which has been settled and requires no further discovery or litigation); and prejudice the original parties by delaying resolution of the merits.

Rule 24(b)(3) expressly directs courts to deny intervention where it would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Here, the claims are entirely unrelated and, most importantly, the dispute between Save A Connie and Signature has been fully and finally settled. The case is merely awaiting dismissal in accordance with the parties' settlement agreement.

### C. Aero Legacy's Requested Relief Is Procedurally Improper

Finally, Aero Legacy seeks an order permitting it to enter the property and remove items, yet it has not tendered a pleading setting forth any cognizable claim for relief as required by Rule 24(c). For this reason alone, Aero Legacy's Motion should be denied. *See, e.g., Lane v. Lombardi*, No. 2:12-CV-04219-NKL, 2014 U.S. Dist. LEXIS 86275, at *2 (W.D. Mo. June 25, 2014).

## IV. CONCLUSION

Aero Legacy Foundation has not met—and cannot meet—the requirements for intervention as of right or permissive intervention under Rule 24. Its Motion seeks to improperly and inefficiently graft a separate property dispute onto this litigation. For these reasons, the Motion to Intervene should be denied.

WHEREFORE, Defendant Signature prays for an order of this Court denying Aero Legacy's Motion to Intervene and for such other and further relief as the Court deems just and proper.

6

Respectfully Submitted,
MARTIN PRINGLE OLIVER
WALLACE & BAUER, LLP

*/s/ Kate B. McKinney*
Kate B. McKinney, MO # 47935
9401 Indian Creek Parkway, Suite 1150
Overland Park, KS 66210
Ph.: (913) 491-5500
Email: kbmckinney@martinpringle.com
ATTORNEYS FOR DEFENDANT SIGNATURE
FLIGHT SUPPORT LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of April, 2026, a copy of the above and foregoing was electronically filed using the Court's electronic filing system and served via the ECF system to:

Michael Bene
7225 Renner Road, Suite 200
Shawnee KS 66217
mbene@emlawkc.com

Charles Lamb
lawyerlamb@gmail.com
*Attorneys for Plaintiff*

*/s/ Kate B. McKinney*
Kate B. McKinney

7