

DEFENDANTS
EXHIBIT

A

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

In re: Save a Connie, Inc.                         CASE NO. 26-40159-btf11

    Debtor.                                      Chapter 11

_____ /

**ORDER GRANTING SIGNATURE FLIGHT SUPPORT LLC'S
MOTION TO DISMISS THIS CHAPTER 11 CASE WITH PREJUDICE,
CLOSING CASE AND RELATED ADVERSARY PROCEEDING**

This Matter came before the Court on March 16, 2026, at 9:00 AM upon Signature Flight Support LLC's Motion to Dismiss this Chapter 11 Case with Prejudice (the "Motion") [D.E. 31]. The Court, having considered the Motion, the record in this case, the arguments of counsel, the support of G. Matt Barberich, Jr., in his capacity as the Sub Chapter V Trustee, for the relief requested, and the live testimony presented at the evidentiary hearing on March 16, 2026, and being otherwise fully advised in the premises, hereby **FINDS** as follows:

1.      The Debtor is a not-for-profit entity which has not operated since at least 2022 and does not present a case for a viable reorganization. Instead, the Debtor's bankruptcy case reflects a last-minute effort to further delay the consequences of prior litigation and contractual obligations**.**

2.      The Debtor has been aware since at least 2022, and no later than 2023, that it would be required to remove its property from in and around Hangar 9 yet failed to do so over a period of several years.

3.      At the time of the bankruptcy filing, the Debtor lacked sufficient funds, operational capacity, or realistic means to comply with its obligations**.**

4.      Prior to the bankruptcy filing, the United States District Court for the Western District of Missouri, through Chief Judge Brian C. Wimes, entered an order enforcing a mediated settlement agreement negotiated under the supervision of Judge Stephen R. Bough (the "District Court Order"). This Court finds the District Court Order is clear, enforceable, and dispositive of the parties' rights and obligations. The District Court Order is also clear that the settlement agreement presented by Signature Flight Support LLC correctly and properly reflects the mediated settlement under Judge Bough.

5.      The Debtor previously argued for additional time from Judge Wimes to complete the removal process outlined in the settlement agreement and was denied by the District Court by way of Order. The Court finds that the present bankruptcy filing constitutes a continuation of that effort to obtain additional time notwithstanding the District Court Order, which the Court analogizes to a "rope-a-dope" strategy designed to delay inevitable enforcement.

6.      The timing of the bankruptcy filing—after entry of the District Court Order, after issuance of a notice of default, and after termination of the governing agreements—demonstrates the filing was intended primarily to frustrate enforcement of the District Court Order and agreements.

7.      The Court further finds that, under the applicable agreements and unrefuted testimony:

a.      Upon termination of the Space Permit and default under the settlement agreement, any remaining property located in and around Hangar 9 was deemed abandoned and became the property of Signature Flight Support LLC without further court intervention; and

b.      Any remaining steps required to effectuate transfer of such property, if any, are ministerial in nature and do not constitute a cognizable property interest warranting protection under the Bankruptcy Code.

8.      The Court concludes that the Debtor's bankruptcy filing does not serve a valid reorganization purpose, but instead was filed to delay, frustrate, and potentially relitigate obligations already determined by the District Court.

9.      The Court further finds that there is no meaningful debt structure to reorganize, no ongoing operations capable of rehabilitation, and no confirmable path forward under Chapter 11.

10.     Under applicable law, including precedent within the Eighth Circuit, the Court may consider prepetition conduct, timing, and purpose of the filing in determining whether cause exists for dismissal under 11 U.S.C. § 1112(b).

11.     Based on the totality of the circumstances, the Court finds that:

a.      The petition was filed in bad faith or for an improper purpose, namely, to delay enforcement of the  District Court Order;

b.      The case constitutes a litigation tactic rather than a bona fide reorganization effort; and

c.      Cause exists to dismiss this case pursuant to 11 U.S.C. § 1112(b).

12.     The Court further finds that dismissal, rather than conversion, is in the best interests of creditors and the estate, as this is a classic two-party dispute with no assets or operations to administer in a Chapter 7 proceeding.Accordingly, cause exists under 11 U.S.C. § 1112(b) to dismiss this case.

Based upon the foregoing, the Court hereby **ORDERS** as follows:

1.  The Motion to Dismiss is **GRANTED**.[1]

2.  The Chapter 11 case is **DISMISSED WITH PREJUDICE** pursuant to 11 U.S.C. §1112(b).

3.  The Clerk of Court is directed to **CLOSE** this bankruptcy case.

4.  The adversary proceeding styled *Save a Connie, Inc. v. Signature Flight Support, LLC*, Adversary Case No. 26-04009-btf, is hereby **DISMISSED WITH PREJUDICE** (the "Adversary Proceeding")**.**

5.  The Clerk of Court is directed to **CLOSE** the Adversary Proceeding.

6.  The Court retains jurisdiction solely to consider and adjudicate the fee application of the Subchapter V Trustee on shortened notice and enforce this Order.

**IT IS SO ORDERED**

Dated: 4/7/2026

/s/ Brian T. Fenimore_____
HONORABLE BRIAN T. FENIMORE
UNITED STATES BANKRUPTCY JUDGE

Submitted By:
Steven J. Solomon
GrayRobinson, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131
Telephone: (305) 913-0367
Facsimile: (305) 416-6887

Steven J. Solomon is directed to serve a copy of this Order on all parties in interest and file a certificate of service.

---

1.  Simultaneously with granting the relief requested by the Motion, this Court also granted Signature Flight Support LLC's Motion for Relief from the Automatic Stay (the "Stay Relief") [D.E. 32]. In light of the Stay Relief, and in connection with this ruling, the Debtor also conceded to dismissal of this bankruptcy case.