**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| SAVE A CONNIE, INC., a Missouri Corporation doing business as Airline History Museum, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:25-CV-00680-BCW |
| SIGNATURE FLIGHT SUPPORT LLC, | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Movant Aero Legacy Foundation's Motion to Intervene. (Doc. #51). The Court, being duly advised of the premises, denies said motion.

**BACKGROUND**

In July 2025, Plaintiff Save A Connie Inc., doing business as the Airline History Museum ("Connie"), filed claims against Defendant Signature Flight Support, LLC ("Signature") in the Circuit Court of Clay County, Missouri, alleging Signature's breach of agreement for Connie's access to Signature's Hangar 9 for the removal of certain property. (Doc. #1-1). Connie also filed a motion for injunctive relief. (Doc. #1). Signature removed Connie's claims to this Court and alleged counterclaims. (Doc. #17).

On September 18, 2025, after hearing evidence, the Court denied Connie's motion for preliminary injunction. (Doc. #22). The evidence at hearing included the testimony of John Roper, President for the Board of Directors for the Airline History Museum. (Doc. #22 at 3). During the hearing, attorneys Michael Bene and Charles Lamb entered appearances for Connie.

The parties mediated this case in October 2025, which resulted in "the outline of a settlement agreement," for which the parties would draft a written settlement agreement. (Doc.

#40 at 2). The parties represented to the Court they had reached a settlement agreement, and were working on finalizing the paperwork to memorialize it. (Doc. #40).

In December 2025, Signature filed a Motion to Enforce Settlement Agreement and for Sanctions. (Doc. #32). On January 15, 2026, after briefing and argument on the motion, the Court granted Signature's motion to enforce the settlement agreement. (Doc. #40).

On January 21, 2026, Signature filed a motion for the Court to find Connie in contempt for failure to timely comply with the Order granting the motion to enforce the settlement agreement. (Doc. #42). The Court issued an Order to Show Cause for Connie to show cause in writing and at a hearing on January 29, 2026 why it should not be held in contempt for failure to comply with the Order granting Connie's motion to enforce the settlement agreement. (Doc. #44).

On January 29, 2026, Connie did not appear for the hearing. Rather, Connie filed a Notice of Bankruptcy Filing, asserting the automatic stay of the above-captioned case under 11 U.S.C. § 362(a). (Doc. #49). The Court took Signature's motion for civil contempt under advisement.

On March 16, 2026, the Bankruptcy Court held a hearing pertaining to Connie's bankruptcy petition. On April 9, 2026, the Bankruptcy Court issued an Order dismissing Connie's bankruptcy petition and related adversary proceeding after evidence presented during the March 16, 2026 hearing demonstrated that Connie's bankruptcy petition represented an improper "effort to further delay the consequences of prior litigation and contractual obligations." (Doc. #52-1 at 1). The Bankruptcy Court dismissal Order found the primary purpose of the bankruptcy petition was to "frustrate enforcement of the District Court Order and agreements," and noted "[Connie] has been aware since at least 2022, and no later than 2023, that it would be required to remove its property from in and around Hangar 9 yet failed to do so over a period of several years." (Doc. #52-2 at 2, 1).

The instant motion, filed by would-be Intervenor the Aero Legacy Foundation, was filed through counsel Charles Lamb, on March 26, 2026. (Doc. #51). The motion to intervene was filed after the Bankruptcy Court hearing on March 16, 2026, but before the Bankruptcy Court's dismissal Order on April 9, 2026.

On May 19, 2026, after the Bankruptcy Court dismissed Connie's Bankruptcy Petition, the Court granted Signature's Motion to Find Plaintiff in Civil Contempt. (Doc. #54). The Court found Connie in civil contempt of the Order granting the motion to enforce the settlement agreement. The Court entered this Order while the instant motion to intervene was pending. Attorney Charles Lamb, counsel of record for Connie, is also counsel of record for the Movant Aero Legacy Foundation, which seeks leave to intervene under Fed. R. Civ. P. 24(b).

**LEGAL STANDARD**

"On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

**ANALYSIS**

In the motion to intervene before the Court, Movant Aero Legacy Foundation ("Aero") seeks permissive intervention under Fed. R. Civ. P. 24(b) on the basis that Aero owns certain property held in Hangar 9. The motion states Aero "seeks an Order permitting it to enter the Airline History Museum for the limited purpose of removing its property." (Doc. #51). In opposition, Signature argues the motion to intervene should be denied as untimely and as requesting procedurally improper relief. (Doc. #52). In addition, Signature argues Aero does not share a

common question of law or fact with the claims and counterclaims between Connie and Signature such that permissive intervention would be improper under Fed. R. Civ. P. 24(b).

Aero's motion to intervene is, to start, denied for multiple procedural reasons. First, the motion to intervene references Fed. R. Civ. P. 24, but does not specify whether Aero seeks leave to intervene as a matter of right under subpart (a) or permissive intervention under subpart (b). The motion to intervene does not set forth legal argument supporting why the Court should grant Aero leave to intervene, and the motion is not otherwise accompanied by supporting suggestions. The motion to intervene is deficient under Fed. R. Civ. P. 7(b)(1)(B), requiring that a motion "state with particularity the grounds for seeking the order." Nonetheless, Aero's reply clarifies its intent to seek permissive intervention under Fed. R. Civ. P. 24(b); therefore, the Court considers only whether Aero's motion for leave to intervene should be granted under Fed. R. Civ. P. 24(b).

Second, the plain language of the rule states that "[a] motion to intervene . . . must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Here, Aero's motion to intervene is not accompanied by any pleading or any other supporting documents. The motion to intervene is denied based on lack of compliance with Fed. R. Civ. P. 7(b)(1)(B) and Fed. R. Civ. P. 24(c).

Third, the plain language of Fed. R. Civ. P. 24(b) requires a "timely motion." Fed. R. Civ. P. 24(b). As set forth above, Aero's motion for leave to intervene was filed after settlement of the above-captioned case and this Court's Order granting Signature's Motion to Enforce Settlement Agreement (Doc. #40). The Rule otherwise requires the Court to, in determining whether the permissive intervention of a party would be proper, consider whether the intervention would result in undue delay or prejudice the original parties' rights. Fed. R. Civ. P. 24(b)(3). Here, the original parties' claims have been resolved by settlement agreement, as confirmed by the Court's January

2026 Order to enforce the settlement agreement. The intervention of another party at this stage in the litigation would only delay this matter's resolution.

Furthermore, to the extent Aero asserts a right to property in Hangar 9, John Roper, President and Registered Agent of Aero, is also President for the Board of Directors for Connie. (Docs. #22, #53-1). Roper testified before this Court in September 2025 and was thus aware of the claims and counterclaims at issue in the above-captioned case. Attorney Charles Lamb is also counsel of record for both Connie and Aero. Aero's motion to intervene is not timely because it was filed, at a minimum, six months after Aero's President and legal counsel were aware of the dispute relating to property at Hangar 9. (Doc. #52-2) ("[Connie] has been aware since at least 2022, and no later than 2023, that it would be required to remove its property from in and around Hangar 9 yet failed to do so over a period of several years."). The motion to intervene is also denied as untimely.

For all of these reasons, even if Aero has a claim that shares common questions of fact or law with the dispute between Connie and Signature such that the Court might, within its discretion, grant Aero leave to permissively intervene in this case, the Court denies the motion. The motion is not timely, and Aero's intervention would inject collateral issues requiring factual development unrelated to the dispute between Connie and Signature, which has already been settled. Aero's intervention would only further delay resolution of this matter, resulting in prejudice to the rights of Connie and/or Signature. Accordingly, it is hereby

ORDERED Movant Aero Legacy Foundation's Motion to Intervene (Doc. #51) is DENIED.

IT IS SO ORDERED.

DATE: July 2, 2026

/s/ Brian C. Wimes
BRIAN C. WIMES, CHIEF JUDGE
UNITED STATES DISTRICT COURT