**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| SAVE A CONNIE, INC., a Missouri Corporation doing business as Airline History Museum, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:25-CV-00680-BCW |
| SIGNATURE FLIGHT SUPPORT LLC, | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant Signature Flight Support LLC's Motion for Attorneys' Fees in connection with Defendant's Motion to Find Plaintiff in Civil Contempt. (Doc. #56). The Court, being duly advised of the premises, grants in part and denies in part said motion.

On May 19, 2026, this Court granted Defendant's Motion to Find Plaintiff in Civil Contempt. (Doc. #54). As part of that Order, the Court granted Defendant's request for attorneys' fees expended in connection with Defendant's preparation of the successful motion for civil contempt against Plaintiff. (Doc. #54 at 9). The Court directed Defendant to file a separate motion for attorneys' fees, "accompanied by a detailed declaration itemizing attorney's fees and costs incurred in connection with the motion for civil contempt." (Doc. #54 at 9).

On May 26, 2026, Defendant timely filed the instant motion, accompanied by detailed billing records. (Doc. #57). Defendant seeks attorneys' fees in the amount of $5,101.31, equating to 11.4 hours of attorney time at counsel's standard rate of $445, and $28.31 in costs. (Doc. #57 at 6).

As set forth in the Court's June 23, 2026 Order granting Defendant's motion for attorney's fees in connection with Defendant's Motion to Enforce Settlement Agreement in this case (Doc.

#61), the Court has broad discretion to determine a reasonable hourly rate for attorneys' fees. Childress v. Fox Assocs., LLC, 932 F.3d 1165, 1172 (8th Cir. 2019) (citing Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005); Banks v. Slay, 875 F.3d 876, 882 (8th Cir. 2017)). To assess a reasonable fee, "[f]ederal courts employ the lodestar method, which multiplies the number of hours worked by the prevailing hourly rate . . . ." Childress, 932 F.3d at 1172 (citing Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546 (2010). The Court may then reduce the lodestar calculation based on various factors. Vines v. Welspun Pipes Inc., 9 F.4th 849, 855 (8th Cir. 2021) (citing Johnson v. Ga. Highway Exp. Inc., 488 F.2d 714, 717-19 (5th Cir. 1974); Hensley v. Eckerhart, 461 U.S. 424, 434 n.9 (1983)).

Here, counsel's records reasonably reflect 11.4 hours of attorney time expended in connection with the motion for contempt. Consistent with the Court's June 23, 2026 Order granting Defendant attorneys' fees in connection with the Motion to Enforce Settlement (Doc. #61), the Court finds $260 represents a reasonable hourly rate, in acknowledgement that this hourly rate is below counsel's standard hourly rate of $445. (Doc. #61). The Court thus awards Defendant attorneys' fees and costs in connection with the motion for contempt in the total amount of $3,049.31, representing 11.4 hours of attorney time at an hourly rate of $265.00, plus costs in the amount of $28.31. Accordingly, it is hereby

ORDERED Defendant Signature Flight Support LLC's Motion for Attorneys' Fees in connection with Defendant's Motion to Find Plaintiff in Civil Contempt (Doc. #56) is GRANTED IN PART AND DENIED IN PART. The Court grants Defendants' motion for fees and costs in the total amount of $3,049.31, assessed against Plaintiff, payable within 10 calendar days.

IT IS SO ORDERED.

DATE: September 9, 2026

/s/ Brian C. Wimes
BRIAN C. WIMES, CHIEF JUDGE
UNITED STATES DISTRICT COURT